**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

PATRICK MCKEE                                                                                            PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:06cv414-HTW-LRA

HOME DEPOT U.S.A., INC.                                                                           DEFENDANT

### ORDER DENYING MOTION TO DISMISS

Before the court is the motion to dismiss the above styled and numbered cause submitted by the defendant Home Depot, U.S.A., Inc., under Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure.

The plaintiff Patrick McGee is a former Home Depot District Manager who brings claims for breach of contract and fraudulent misrepresentation against the defendant Home Depot U.S.A., Inc., contending that the defendant failed to keep its promises to the plaintiff with respect to a bonus based on profitability. The defendant now moves to dismiss the breach of contract claim for lack of consideration, asserting that dismissal is proper as a matter of law because the plaintiff did nothing in exchange for or in reliance on the defendant's alleged promises. The defendant also seeks to dismiss the plaintiff's misrepresentation claim, claiming that the defendant made no representation upon which the plaintiff could rely.

---

[1] Rule 12(b)(6) provides that, "[e]very defense in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ⋯ (b) failure to state a claim upon which relief can be granted, ⋯"

The plaintiff's claims are based on his assertion that he would have been eligible for a bonus, which was based upon the profitability of the stores within his district.  Plaintiff contends that in 2005 he agreed, at the defendant's request, to allow several of the employees at stores within his district temporarily to relocate and to assist Home Depot stores affected by Hurricane Katrina.  The plaintiff says he also agreed to lower the prices of John Deere tractors at the defendant's request.  The plaintiff submits that these decisions affected his district's bottom line and his bonus expectation;  however, according to the plaintiff, the defendant assured him that his bonus would not be impacted by these temporary measures.

Nevertheless, says plaintiff, the defendant did not perform as it had promised. For instance, plaintiff says that Home Depot promised to but did not reimburse his stores for the wages paid to those employees volunteering to relocate so that his bonus would not be negatively affected.  The plaintiff also says that when he agreed to lower the price of John Deere tractors to wholesale cost as requested, the losses incurred to the store in Tupelo, Mississippi, were not reimbursed as promised.  The plaintiff also argues that the defendant never intended to act on its alleged promises, thereby establishing the basis for the plaintiff's misrepresentation claims.

The defendant responds that it could have ordered the plaintiff to take these measures.  The defendant claims that it made no statement or promise on which the plaintiff could rely, and that, even if it had promised the plaintiff something, the plaintiff provided no consideration in return for the defendant's promise.

This court is not satisfied that the pleadings submitted by the parties are sufficient to sustain a motion to dismiss.  This court may not go outside the pleadings

to dispose of a motion to dismiss under Rule 12(b)(6).  Such a motion, " ... only tests whether the claim has been adequately stated in the complaint."  *See* 5A C. Wright & Miller, *Federal Practice & Procedure*: Civil 2d § 1356 at 298.  This court has reviewed the plaintiff's complaint and is persuaded that, at this point in the case, the complaint contains sufficient allegations from which an inference fairly may be drawn that evidence on these matters will be introduced by the plaintiff at trial."  *Campbell v. San Antonio*, 43 F.3d 973, 974 (5th Cir. 1995).

Therefore, this defendant's motion to dismiss is denied.  The defendant may revisit these matters after discovery at the summary judgment stage.

Meanwhile, within ten (10) days of this Order, the parties are directed to contact the assigned Magistrate Judge for a Scheduling Order.

**SO ORDERED** this the 1st day of March, 2007.

              s/ HENRY T. WINGATE
              CHIEF UNITED STATES DISTRICT JUDGE


CIVIL ACTION NO. 3:06cv414-HTW-LRA
Order